UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNERI SAGRARIO IZURIETA, | CASE NO. C26-1416-KKE-BAT |
| Petitioner(s), | ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER AND NEXT FRIEND STANDING |
| v. | |
| WARDEN, FDC SEATTLE, | |
| Respondent(s). | |

On April 27, 2026, Petitioner's husband, Yuri Atahualpa Izurieta, proceeding *pro se*, filed a petition for a writ of habeas corpus and a motion for a temporary restraining order ("TRO") on behalf of Petitioner as her "next friend." Dkt. Nos. 1, 2. Mr. Izurieta explains that Petitioner is currently detained at the Federal Detention Center in Seattle, Washington, and is unable to file the petitioner herself because she has restricted access to legal materials and fears retaliation, among other reasons. Dkt. No. 1 at 2. According to Mr. Izurieta, "[t]hese conditions make it effectively impossible for her to seek relief independently." *Id.*

"A third party may file a petition for a writ of habeas corpus on behalf of a prisoner only when that third party has standing as a 'next friend.'" *Molina Arzola v. Facility Adm'r*, No. 2:26-CV-00717-DGE, 2026 WL 602221, at *1 (W.D. Wash. Mar. 4, 2026) (citing *United States v. Castle*, Case No. 2:15-cr-0190 KJM DB P, 2022 WL 16836743 at * 1 (E.D. Cal. Nov. 9, 2022)). To establish "next friend" standing, a third party must meet "two firmly rooted prerequisites":

> First, a "next friend" must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on [her] own behalf to prosecute the action.  Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest.

*Dennis ex rel. Butko v. Budge*, 378 F.3d 880, 888 (9th Cir. 2004) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163–164 (1990)).  To carry this burden, the "next friend" must "clearly … establish the propriety of his status and thereby justify jurisdiction of the court."  *Whitmore*, 495 U.S. at 164.

In addition to these requirements, third parties may not represent others in court without a licensed attorney—even when the third party has a close relationship to the real party in interest. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity."); *see also Molina Arzola*, 2026 WL 602221, at *1 (collecting cases).

Here, regardless of whether Mr. Izurieta would otherwise have "next friend" standing to pursue this action on his spouse's behalf, he may not do so without counsel.  Accordingly, either (1) Mr. Izurieta must obtain an attorney if he intends to continue pursuing this action on a "next friend" basis, or (2) Petitioner must notify the Court that she will appear on her own behalf to prosecute this case.  If neither of these corrections occur, the Court will dismiss this case without prejudice.  And because Mr. Izurieta is not an attorney and may not file motions on behalf of others, the TRO motion (Dkt. No. 2) will be denied without prejudice to refiling if Mr. Izurieta obtains counsel or Petitioner indicates her intent to proceed on her own behalf.  *See United States v. Caputo*, No. 114CR00041JLTSKO1, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 14, 2023).

The Court therefore ORDERS that:

(1) No later than June 15, 2026, ***EITHER***

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER AND NEXT FRIEND STANDING - 2

a.  Mr. Izurieta must obtain an attorney, and his attorney must file a notice of appearance in this matter; *OR*

b.  Petitioner Anneri Sagrario Izurieta must notify the Court in writing that (1) her husband, Mr. Izurieta, filed the petition for writ of habeas corpus (Dkt. No. 1) with Petitioner's knowledge and permission; (2) Petitioner declares under penalty of perjury that the contents of the petition are true and correct; and (3) Petitioner will appear on her own behalf to prosecute this case going forward.

(2)  The motion for temporary restraining order (Dkt. No. 2) is DENIED without prejudice to refiling if either of the two steps outlined in Paragraph (1), above, are taken.

(3)  The referral to U.S Magistrate Judge Brian A. Tsuchida will remain in place;

(4)  The Clerk is directed to send copies of this Order to Petitioner at the address listed on the docket and to Mr. Izurieta via email to his email address listed on the petition (*see* Dkt. No. 1 at 3).

Dated this 30th day of April, 2026.

Kymberly K. Evanson
United States District Judge

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER AND NEXT FRIEND STANDING - 3