UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANNERI SAGRARIO IZURIETA,

Petitioner(s),

v.

WARDEN, FDC SEATTLE,

Respondent(s).

CASE NO. C26-1416-KKE-BAT

ORDER DENYING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER

This matter comes before the Court on the "Emergency Motion for Relief" (Dkt. No. 7), which this Court construes as a motion for temporary restraining order ("TRO").  This case was filed by Petitioner's husband, Yuri Atahualpa Izurieta, proceeding *pro se*, who filed a petition for a writ of habeas corpus on behalf of Petitioner as her "next friend." Dkt. No. 1.  The Court previously held that Mr. Izurieta must obtain an attorney if he intends to continue seeking to represent his wife in this matter. Dkt. No. 5 at 2.  This is because "third parties may not represent others in court without a licensed attorney—even when the third party has a close relationship to the real party in interest." *Id.* (citing *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *Molina Arzola v. Facility Adm'r*, No. 2:26- CV-00717-DGE, 2026 WL 602221, at *1 (W.D. Wash. Mar. 4, 2026)).

Alternatively, the Court held that Petitioner could elect to proceed on her own behalf without an attorney. *Id.* at 2.  In that case, Petitioner (*not* Mr. Izurieta) would need to appear and

ORDER DENYING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER - 1

prosecute the case, including by filing pleadings, motions, and briefs, as appropriate. *Id.* The Court held that if Petitioner intended to represent herself, she should file a statement declaring under penalty of perjury that, among other things, she will appear on her own behalf to prosecute this case going forward. *Id.* at 2–3. The Court set a deadline of June 15, 2026, for either Mr. Izurieta to obtain an attorney or for Petitioner to state her intention to represent herself without Mr. Izurieta's representation. *Id.*

On June 4, 2026, Mr. Izurieta filed an amended habeas petition containing this emergency motion—once again on his wife's behalf and once again seeking next friend status to represent her. Dkt. No. 7. Mr. Izurieta (along with Petitioner) signed the amended petition and motion as well as a "declaration of next friend" by Mr. Izurieta. Dkt. No. 7 at 5, 6–7. Petitioner also filed a declaration, signed only by her, stating that her husband filed the petition with her knowledge and permission, that its statements are true and correct, and that Petitioner "will appear on [her] own behalf and prosecute this case moving forward." *Id.* at 8.

Because Mr. Izurieta may not file motions on his wife's behalf without an attorney, the Court will deny the TRO motion for the same reasons stated in its previous order. Dkt. No. 5. In addition, the motion fails to meet the standard for issuing a TRO. Parties seeking a TRO must show: (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm absent preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction serves the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The motion fails to show a likelihood of success on the merits—it merely identifies Petitioner's claims for relief without citing authority or advancing any argument to support Petitioner's legal entitlement to the relief requested. In addition, the motion does not identify any irreparable harm Petitioner is likely to suffer before the habeas petition can be resolved in the ordinary course. Nor does it address the other two TRO factors. Accordingly, Petitioner's TRO motion is DENIED.

ORDER DENYING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER - 2

Petitioner's declaration states that she intends to appear on her own behalf and prosecute this case moving forward. *Id.* at 8. That being the case, Mr. Izurieta may not, going forward, sign any document filed in this case on Petitioner's behalf. Mr. Izurietta may, at Petitioner's direction, physically transmit to the Court filings that Petitioner has prepared and approved. And he is free to provide or coordinate translation services to assist Petitioner in representing herself. But he cannot represent her. The Court will strike any future filings by Mr. Izurieta seeking to prosecute this case on Petitioner's behalf without a lawyer. With that, the Court finds that Petitioner has complied with the order to notify the Court of her intent to proceed on her own behalf in this case. *See* Dkt. No. 5 at 2–3.

The referral to U.S Magistrate Judge Brian A. Tsuchida will remain in place.

Dated this 10th day of June, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DENYING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER - 3